

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00414-CV
No. 02-22-00417-CV
No. 02-22-00418-CV
No. 02-22-00419-CV
No. 02-22-00420-CV
No. 02-22-00421-CV
No. 02-22-00422-CV
No. 02-22-00423-CV
No. 02-22-00424-CV
No. 02-22-00425-CV

_____

BRADLEY BOWEN, Appellant

V.

VIRGINIA GRAHAM, Appellee

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court Nos. 22-0356-393, 22-0356-393, 22-0356-393, 22-0356-393, 22-0356-393, 22-0356-393, 22-0356-393, 22-0356-393, 22-0356-393, 22-0356-393

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Bradley Bowen has filed ten[1] appeals challenging a variety of interlocutory orders entered in his divorce and child-custody case. He challenges an order withholding his income for child support, two sets of temporary child-custody orders, and seven orders quashing subpoenas. But none of the challenged trial court orders are final or appealable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a); Tex. Fam. Code Ann. § 105.001(e); *Booker v. Mahmoudi*, No. 05-18-01054-CV, 2018 WL 6322174, at *1 (Tex. App.—Dallas Dec. 4, 2018, no pet.) (mem. op.) (holding order quashing subpoena not appealable); *In re K.K.*, No. 02-15-00141-CV, 2015 WL 4652774, at *1 (Tex. App.—Fort Worth Aug. 6, 2015, no pet.) (per curiam) (mem. op.) (stating that "temporary orders in suits affecting the parent–child relationship are not appealable"). And appeals may be taken only from final judgments or appealable interlocutory orders.[2] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Bowen v. Graham*, No. 02-22-00333-CV, 2022 WL 4545567, at *1 (Tex. App.—Fort Worth Sept. 29, 2022, no pet. h.) (mem. op.); *cf. Booker*, 2018 WL 6322174, at *1 (dismissing for want of jurisdiction); *K.K.*, 2015 WL 4652774, at *1 (similar).

---

[1]Appellant filed 11 notices of appeal, but two of his notices appear to challenge the same trial court order.

[2]*But see Indus. Specialists, LLC v. Blanchard Ref. Co.*, 652 S.W.3d 11, 14 (Tex. 2022) (plurality op.) (questioning whether "[l]imiting appeals to final judgments can no longer be said to be the general rule" given the number of statutory exceptions for interlocutory appeals (quoting *Dall. Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 759 (Tex. 2019))).

Accordingly, we notified Bowen of our concern that we lacked jurisdiction over his appeals, and we warned that we would dismiss the appeals unless, within ten days, he (or any other party) showed grounds for continuing them. *See* Tex. R. App. P. 42.3(a), 44.3. More than 30 days have passed, but Bowen has failed to respond.

Because none of Bowen's attempted appeals challenge a final judgment or appealable interlocutory order, we dismiss all ten appeals for want of jurisdiction.[3] Tex. R. App. P. 42.3(a), 43.2(f).

---

[3]Even if Bowen were challenging final judgments or appealable interlocutory orders, his appeals would still be jurisdictionally barred as untimely. *See Mitchell v. Estrada*, No. 02-22-00005-CV, 2022 WL 1183342, at *1 (Tex. App.—Fort Worth Apr. 21, 2022, no pet.) (mem. op.) (quoting *In re Guardianship of Fulbright*, No. 02-16-00230-CV, 2016 WL 4395804, at *1 (Tex. App.—Fort Worth Aug. 18, 2016, no pet.) (per curiam) (mem. op.)); *see* Tex. R. App. P. 25.1(b).

Generally, a notice of appeal must be filed within 30 days after the appealable judgment or order is signed, but an interlocutory appeal must be filed within 20 days. Tex. R. App. P. 26.1, 28.1(a). An appellant can request a 15-day extension if the request is filed within 15 days after the deadline for the notice of appeal, *see* Tex. R. App. P. 26.3, and such a request is implied if an appellant (1) files a tardy notice of appeal within the 15-day grace period and (2) reasonably explains the need for an extension. *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Terreforte v. Gonzalez*, No. 02-22-00349-CV, 2022 WL 15076264, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, no pet. h.) (mem. op.).

Eight of Bowen's notices of appeal challenge trial court orders signed between February 25, 2022, and September 14, 2022, so when Bowen filed his notices of appeal on October 24, 2022, the 20-day deadlines had already expired, as had the 15-day grace periods. Bowen's other two notices of appeal challenge trial court orders issued on September 19, 2022, and September 26, 2022, so although Bowen's October 24, 2022 notices came after the 20-day deadlines had expired, the notices fell within the 15-day grace periods. However, Bowen did not reasonably explain his need for an extension, and when we asked him to file an explanation, he failed to respond.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  December 22, 2022